GALLIAN WELKER & BECKSTROM, L.C.
Michael I. Welker, SBN 7950
Travis N. Barrick, SBN 9257
Nathan E. Lawrence, SBN 15060
540 East St. Louis Avenue
Las Vegas, Nevada 89104
Telephone: 702-892-3500
Facsimile: 702-386-1946
nlawrence@vegascase.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STERLING HARDISTY TAYLOR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, UNITED STATES FOREST SERVICE; an agency of the United States, and DOES I to X, inclusive; collectively,<br><br>Defendants. | Case No.: 2:22-cv-00435-APG-BNW<br><br>**PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE UNITED STATES ATTORNEY (on behalf of Defendant UNITED STATES DEPARTMENT OF AGRICULTURE, UNITED STATES FOREST SERVICE)**<br><br>**(First Request)** |

Pursuant to Fed. R. Civ. P. 4(m) and Local Rules LR IA 6-1 and LR 7-2, Plaintiff STERLING HARDISTY TAYLOR ("Plaintiff" or "Mr. Taylor"), by and through his attorneys of the law firm of GALLIAN WELKER & BECKSTROM, L.C., hereby submits this Motion to Extend Time to Serve the United States Attorney on behalf of Defendant UNITED STATES DEPARTMENT OF AGRICULTURE, UNITED STATES FOREST SERVICE ("USDA/USFS") (the "Motion"). This is Plaintiff's first such Motion. This Motion is based on the papers and pleadings on file in this matter, the following Memorandum of Points and

Authorities, the attached Declaration of Nathan E. Lawrence, Esq., and any arguments from counsel the Court may choose to hear on this matter.

DATED this 6th day of July 2022.

GALLIAN WELKER & BECKSTROM, L.C.

_____
Michael I. Welker, SBN 7950
Travis N. Barrick, SBN 9257
Nathan E. Lawrence, SBN 15060
540 East St. Louis Avenue
Las Vegas, Nevada 89104
Telephone: 702-892-3500
Facsimile: 702-386-1946
nlawrence@vegascase.com
*Attorneys for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Mr. Taylor filed his Complaint [ECF No. 1] on March 9, 2022, further to which, under Fed. R. Civ. P. 4(m), service of process was required on Defendants on or before June 7, 2022. As detailed more fully below and in the Declaration of Nathan E. Lawrence, Esq., attached hereto as **Exhibit A** ("Lawrence Decl."), service was partially effected under the relevant provisions of Fed. R. Civ. P. 4(i)(2), with said service being completed to both the United States Department of Agriculture Office of General Counsel at 1400 Independence Avenue, SW, South Building, Room 3311-S, Washington, D.C. 20250 on April 13, 2022; and to the US Forest Service Regional Office for the Intermountain Region at the James V. Hansen Federal Building at 324 25th Street, Ogden, Utah 84401 on April 21, 2022 [ECF No. 5]. As of the date of the instant Motion, service has <u>not</u> yet been made to the United States Attorney for the District of Nevada in accordance with

Fed. R. Civ. P. 4(i), and the reasons for this lack of service are specifically enumerated below and in the Lawrence Declaration. Mr. Taylor urges that these reasons, involving the attempted murder and subsequent hospitalization and recuperation of Mr. Lawrence, Plaintiff's lead counsel, reasonably constitute excusable neglect for the delay in both service and filing of the instant Motion. Accordingly, Mr. Taylor respectfully requests this Court grant the Motion and enlarge the time to effect service for an additional sixty (60) days (from the original deadline) until August 6, 2022. This is Plaintiff's first request for an extension of time to effect service of process.

## II.     PROCEDURAL HISTORY and RELEVANT FACTS

1.     On March 9, 2022, Plaintiff filed the Complaint in the instant matter [ECF No. 1].

2.     Pursuant to Fed. R. Civ. P. 4(m), service is required on all named Defendants within ninety (90) days after the Complaint is filed, which deadline is, therefore, June 7, 2022.

3.     On March 10, 2022, the Court timely issued the Summons for Defendant USDA/USFS [ECF No. 4].

4.     On March 15, 2022, Plaintiff delivered, by United States Postal Service Certified Mail, a Request for Waiver of the Service of Summons to Mr. Mark G. Garrett, Esq., Office of the General Counsel for USDA/USFS, the office which had previously denied Plaintiff's administrative tort claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"). No response has been received to date.

5.     On April 8, 2022, Plaintiff's lead counsel, Mr. Lawrence, was involved in a serious motorcycle collision (the "Collision"), being intentionally struck by a motor vehicle driven by an intoxicated driver, who was subsequently arrested and charged with, *inter alia*, multiple counts of attempt murder with a deadly weapon and driving under the influence resulting in substantial bodily injury. *See* Lawrence Decl., Exhibits A-1 and A-2.

6.     As a result of the Collision, Mr. Lawrence suffered substantial bodily injury including three fractured vertebrae, a subarachnoid hemorrhage, and 17% skin loss (including 6% full thickness skin loss / third-degree burns).

7. As a result of the described injuries, Mr. Lawrence was hospitalized from April 8, 2022, until April 24, 2022, and, over the course of the hospitalization and thereafter, underwent seven surgeries, the last of which occurred on Friday, July 1, 2022.

8. Mr. Lawrence, during the hospitalization and the subsequent recuperative period maintained all efforts to communicate with his law office and to timely manage his caseload, including the instant matter, further to which efforts, service was effected on USDA/USFS, as an agency of the United States.

9. On April 11, 2022, three days after the Collision and the date of his first surgery, Mr. Lawrence did specifically communicate with his office regarding service in the instant matter, but, as a result of the circumstances described, such communication was not sufficiently clear or explicit with respect to service of the United States Attorney under Fed. R. Civ. P. 4(i).

10. As noted above, service was effected on USDA/USFS to both the United States Department of Agriculture Office of General Counsel at 1400 Independence Avenue, SW, South Building, Room 3311-S, Washington, D.C. 20250 on April 13, 2022; and to the US Forest Service Regional Office for the Intermountain Region at the James V. Hansen Federal Building at 324 25th Street, Ogden, Utah 84401 on April 21, 2022 [ECF No. 5].

11. Mr. Lawrence first returned to work at his office on June 7, 2022, coincidentally, the deadline for service in the instant matter, ultimately not discovering the failure to serve the United States Attorney until July 5, 2022.

### III. LEGAL STANDARD

Under Fed. R. Civ. P. 4(i), governing serving the United States and its agencies, the plaintiff must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought…, send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C., … and also send a copy of the summons and of the complaint by registered or certified mail to the agency." Fed. R. Civ. P. 4(i)(1)-(2).

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Even "[i]f the serving party does not show good cause, the court has discretion to extend time for service." *Deutsche Bank Nat'l Tr. Co. v. Suzannah R. Noonan, IRA, LLC*, No. 2:16-cv-02883-KJD-CWH, 2017 U.S. Dist. LEXIS 65949, at *2 (D. Nev. May 1, 2017). A district court possesses the inherent power to control its own docket. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

If additional time for any purpose is needed, the proper procedure is to present a request for extension of time before the time fixed has expired. *Canup v. Mississippi Val. Barge Line Co.*, 31 F.R.D. 282 (W.D. Pa. 1962). A timely filed request for extension of time must be granted upon a showing of good cause. Fed. R. Civ. P. 4(m). "Generally, good cause is equated with diligence [... and] requires more than inadvertence or mistake of counsel. At a minimum, good cause means excusable neglect." *Deutsche Bank Nat'l Tr. Co.*, No. 2:16-cv-02883-KJD-CWH, at *2 (D. Nev. May 1, 2017). LR IA 6-1 additionally requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect.

### IV. ARGUMENT

Here, the Complaint [ECF No. 1] was filed on March 9, 2022, which, under Fed. R. Civ. P. 4(m), sets a 90-day deadline for service on June 7, 2022. The summons to Defendant USDA/USFS was timely issued by the Court the day after the Complaint was filed [ECF No. 4]. Service, as required under Fed. R. Civ. P. 4(i)(2), was timely effected on USDA/USFS, as the United States agency, to both the United States Department of Agriculture Office of General Counsel at 1400 Independence Avenue, SW, South Building, Room 3311-S, Washington, D.C.

20250 on April 13, 2022; and to the US Forest Service Regional Office for the Intermountain Region at the James V. Hansen Federal Building at 324 25th Street, Ogden, Utah 84401 on April 21, 2022 [ECF No. 5]. Service to the United States Attorney, as required under Fed. R. Civ. P. 4(i)(1), was neglected in the process and in Mr. Lawrence's absence from the office; however, given the particular exigencies of the situation as developed following the Collision, all of which substantially affected Mr. Lawrence's health and timely management of this case, Mr. Taylor hereby urges the Court to recognize that these circumstances fall well within the ambit of "excusable neglect," such that the Court should grant this Motion and extension of time.

Without unduly dramatizing the medical factors which affected Mr. Lawrence's ability to enable Plaintiff's timely service on the United States Attorney, it is noted again that Mr. Lawrence was hospitalized and medicated for sixteen days prior to being released to his home on April 24, 2022. Following release from the hospital, Mr. Lawrence was housebound for over six weeks, requiring, during much of that timeframe, extensive bandages to his arms and legs for the "road rash" injuries to his arms, legs, and hands, which had, at that time, been partially surgically corrected. During the course of at-home recuperation, Mr. Lawrence also underwent additional debridement and skin graft surgeries, with a final (hopefully!) surgery as recently as July 1, 2022. As lead counsel for Plaintiff, it logically follows that Mr. Lawrence's inability to maintain the typical oversight of this case for medical reasons, which oversight directly led to the failure of service of the United States Attorney, should properly be viewed by this Court as excusable neglect.

Notwithstanding the evident delay in serving the United States Attorney, there is no reasonable likelihood of any prejudice to the Defendant USDA/USFS in affording Mr. Taylor more time to effect service, as this is the first request for extension of time to serve, and this request is being submitted within a very short period of time (thirty (30) days) after the original deadline to serve. Concurrent with this Motion, Mr. Lawrence will also effect service to the United States Attorney (along with a copy of the instant Motion), such that the United States Attorney will be served within a matter of days following this pleading and will then be fully apprised of this litigation. Defendant USDA/USFS, as a result of the previously fulfilled

administrative tort claim process under the FTCA, has been aware of Mr. Taylor's claim since December 21, 2020, and, further to the request for waiver, has been aware of this litigation since March 15, 2022. No prejudice in defending this matter can reasonably be perceived on these facts. Accordingly, an extension of time to finalize service is without harm, and should be granted within this Court's authority and discretion.

## V. CONCLUSION

For the foregoing reasons, Plaintiff Sterling Hardisty Taylor hereby respectfully requests this Court grant an additional sixty (60) days (from the original service deadline under Fed. R. Civ. P. 4(m)) to effect service on the United States Attorney on behalf of Defendant United States Department of Agriculture, United States Forest Service, enlarging the time to serve until August 6, 2022.

DATED this 6th day of July 2022.

GALLIAN WELKER & BECKSTROM, L.C.

_____
Michael I. Welker, SBN 7950
Travis N. Barrick, SBN 9257
Nathan E. Lawrence, SBN 15060
540 East St. Louis Avenue
Las Vegas, Nevada 89104
Telephone: 702-892-3500
Facsimile: 702-386-1946
nlawrence@vegascase.com
*Attorneys for Plaintiff*

**IT IS SO ORDERED**

**DATED:** 10:36 am, July 07, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**