UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STERLING HARDISTY TAYLOR,<br><br>     Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, U.S. FOREST SERVICE,<br><br>     Defendant | Case No.: 2:22-cv-00435-APG-BNW<br><br>**Order (1) Denying Motion to Transfer Venue and (2) Denying as Moot Motion for Leave to File Surreply**<br><br>[ECF Nos. 9, 14] |

Sterling Taylor sues the United States Department of Agriculture, United States Forest Service (USFS) under the Federal Tort Claims Act (FTCA), alleging that he was injured when he slipped and fell in a shower room at the Lucerne Campground near Manila, Utah. USFS moves to transfer the case to the District of Utah. Taylor opposes and moves to file a surreply to the motion. At my request, the parties submitted supplemental briefing to address new issues raised at the hearing on these motions.[1] Because USFS has not shown that transfer to Utah would be for the convenience of the parties and witnesses and in the interest of justice, I deny its motion to transfer venue. I deny as moot Taylor's motion to file a surreply.

**I. ANALYSIS**

I may transfer a case "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). I "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211

---

[1] USFS argues that Taylor's supplemental brief improperly discussed topics outside the permitted scope. I will not consider any portion of the supplemental briefs that raise issues other than the three I ordered the parties to brief. *See* ECF No. 21.

F.3d 495, 498 (9th Cir. 2000) (quotation omitted).  I weigh several factors when considering a § 1404(a) motion, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [. . .] (8) the ease of access to sources of proof [and (9) the relevant public policy of the forum state].

*Id.* at 498-99.  The moving party bears the burden of showing transfer is appropriate. *See id.* at 499.

Taylor does not consent to transfer to the District of Utah, so transfer is permitted only if this case might have been brought there originally. 28 U.S.C. § 1404(a).  A suit "might have been brought" in a district if the "plaintiff has a right to sue in that district, independently of the wishes of the defendant." *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (quotation omitted).  The FTCA permits a plaintiff to sue "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).  This case could have been brought in the District of Utah because USFS's alleged tortious act or omission occurred there.  Transfer is thus permissible if it would be for the convenience of the parties and witnesses and in the interest of justice.

**1.  The location of relevant agreements**

The parties originally agreed that there are no relevant contracts or agreements.  In its reply brief, USFS introduced a land use contract between the government and American Land & Leisure, an operator of several federal lands.  The contract permits American Land to operate Lucerne Campground and requires it to keep the premises safe. ECF No. 13-2.

Taylor argues that USFS impermissibly introduced the contract for the first time in its reply brief. USFS asserts that it raised the contract in response to Taylor's argument that the motion to transfer failed to identify relevant witnesses or the scope and nature of their testimony. But USFS does not explain how identifying the contract as a relevant agreement addresses Taylor's argument because in his response brief, he agreed with USFS's original position that there are no relevant agreements. ECF No. 10 at 6 n.1. New arguments raised for the first time in a reply brief are waived. *See, e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). I therefore will not consider the contract between American Land and USFS as a relevant agreement, and this factor is neutral.

**2. The state that is most familiar with governing law**

A federal court hearing an FTCA claim applies the substantive law of the state where the tort occurred, here that is Utah. 28 U.S.C. § 1346(b)(1). The District of Utah is more familiar with Utah law. But because the claims are based on general tort law rather than any specialized Utah law, this factor carries less weight. *See Operation: Heroes, Ltd. v. Procter and Gamble Prods., Inc.*, 903 F. Supp. 2d 1106, 1112 (D. Nev. 2012) (finding that the factor's weight is weaker where the legal issues are straightforward and the court could easily apply another jurisdiction's law). This factor thus only slightly weighs in favor of transfer.

**3. The plaintiff's choice of forum**

Courts give significant weight to a plaintiff's forum choice. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). But the choice is entitled to "minimal consideration" if the operative facts did not occur in the forum and the

forum has no interest in the parties or the subject matter. *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987).  USFS argues that because the operative facts occurred in Utah, Taylor's choice of forum is entitled to minimal deference.  However, a plaintiff's choice is still entitled to significant weight if the forum has an interest in the parties or the subject matter. *Id.*  USFS does not cite to any binding authority holding that a court should give no deference solely because the operative facts did not occur in the chosen forum.  Here, Nevada has interest in Taylor, a Nevada resident.  His forum choice is thus entitled to deference and this factor weighs against transfer.

### 4. The parties' contact with the forum

Taylor is a Nevada resident and has confirmed that he resides only in Nevada. *See* ECF No. 24-1.  USFS claims that it has no contacts with Nevada, citing to a U.S. Department of Agriculture attorney's statement that all employee witnesses "are located in the state of Utah." ECF No. 9-1 at 2.  But this factor evaluates the contacts of the parties, not witnesses.  USFS is a federal agency with a presence in Nevada.  Both parties have contact with the chosen forum and this factor weighs against transfer.

### 5. The contacts relating to the cause of action

The incident occurred in Utah.  USFS lists seven employee witnesses who work and live in Utah. ECF No. 13-1 at 2-3.  It also points to American Land, which is based in Utah, and current and former American Land employees in Utah. *Id.* at 3; ECF No. 25 at 1-2.  On the other hand, Taylor, his treatment providers, and his wife and son (who are potential witnesses) are in Nevada. ECF Nos. 24; 24-1; 24-2; 24-5.  Each forum has significant contacts relating to the cause of action, so this factor is neutral.

### 6. Differences in costs between the two forums

USFS identifies several potential witnesses who live or work in Utah. It will be more expensive for those witnesses to travel to Nevada than it would be for them to travel to Salt Lake City. Conversely, Taylor, his family, and medical witnesses would incur additional expenses by traveling to Utah. And Taylor's lawyers would incur additional costs because while their law firm has an office in Las Vegas, its only Utah office is in St. George, approximately 300 miles from Salt Lake City. ECF No. 10 at 12. USFS has counsel in Las Vegas because it is represented by the U.S. Attorney's Office for the District of Nevada. This factor is neutral because it is not clear that transferring the case will decrease the cost of litigation.

### 7. Availability of compulsory process to compel unwilling non-party witnesses

A witness can be compelled to attend a trial, hearing, or deposition within 100 miles of his place of residence, employment, or regularly transacted business. Fed. R. Civ. P. 45(c)(1)(A). Any witness residing or working in Utah could not be compelled to attend a trial or deposition in the District of Nevada and Nevada witnesses could not be compelled to go to Utah.

Most potential witnesses are in Utah and thus are not subject to compulsory process in Nevada. But I consider not only the number of potential witnesses in each forum but also "the materiality and importance of the anticipated witness' testimony." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335 (9th Cir. 1984).[2] The USFS witnesses in Utah likely will testify about the maintenance and design of the shower and related policies. Taylor's Nevada witnesses likely will testify about the accident, damages Taylor sustained, and his treatment. Thus, the testimony of the witnesses on each side will be important and material. Many of the witnesses listed by

---

[2] *Gates Learjet Corp.* applies the common law doctrine of *forum non conveniens*, which was partially displaced by § 1404. However, "*forum non conveniens* considerations are helpful in deciding a § 1404 transfer motion." *Decker Coal*, 805 F.2d at 843.

USFS are its own employees. Although USFS apparently cannot compel current or former American Land employees to attend trial, it could ensure its own employee witnesses attend. Taylor cannot compel his treating physicians to travel to Utah to testify. Other district courts have held that the convenience of employee witnesses is less important than the convenience of non-party witnesses. *Metz v. United States Life Ins. Co.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009). And I have previously denied a motion to transfer venue where the moving defendant could compel its out-of-state employees to attend trial in Nevada. *Wise v. S. Tier Express, Inc.*, No. 2:15-cv-01219-APG-PAL, 2015 WL 13849787 at *2 (D. Nev. Nov. 25, 2015). Because some witnesses could not be compelled to attend trial even if I transfer the case, and USFS can encourage or compel its employees to testify in Nevada, this factor is, at best for USFS, neutral.

**8. Ease of access to sources of proof**

Some sources of proof, such as the shower facility, are at the campground in Utah. But that campground cannot be relocated to the federal courthouse, so transferring the case does not ease access to the site. On the other hand, the sources of proof regarding the extent of Taylor's injuries are in this district, where he received all related medical treatment. This factor favors keeping the case in Nevada.

**9. Public policy**

USFS argues that "Nevada has no public policy interest in conducting a trial to determine whether certain federal employees in Utah acted negligently there." ECF No. 9 at 5. But Nevada has a public policy interest in giving a Nevada resident the opportunity to seek redress for torts against him. Utah has a public policy interest in allowing its residents to defend against tort claims that are based on Utah law. This factor is neutral.

/ / / /

## II. CONCLUSION

USFS has not met its burden of showing that transfer helps the convenience of the parties and witnesses or the interests of justice. Most factors are neutral and the others go each way. This is not enough to overcome the deference owed to Taylor's forum choice. Litigation in either forum will be inconvenient in some respects, but Taylor would be most burdened by a transfer because he lives in Nevada and would need to travel to Salt Lake City for trial and any other necessary court proceedings. His lawyer's only Utah office is in St. George, 300 miles from Salt Lake City. Taylor's only apparent connection to the District of Utah is that his injuries occurred there. Conversely, as a government agency, USFS carries a lighter burden if it is required to litigate in Nevada. USFS has not made the strong showing of inconvenience required to override Taylor's forum choice.

I THEREFORE ORDER that defendant U.S. Forest Service's motion to transfer venue **(ECF No. 9) is DENIED**.

I FURTHER ORDER that plaintiff Sterling Taylor's motion for leave to file a surreply **(ECF No. 14) is DENIED** as moot.

DATED this 7th day of January, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE