GALLIAN WELKER & ASSOCIATES, L.C.
Michael I. Welker, NBN 7950
Travis N. Barrick, NBN 9257
Nathan E. Lawrence, NBN 15060
730 Las Vegas Blvd. S., Ste. 104
Las Vegas, Nevada 89101
Telephone: 702-892-3500
Facsimile: 702-386-1946
nlawrence@vegascase.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| STERLING HARDISTY TAYLOR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and DOES I to X, inclusive; collectively,<br><br>Defendants. | Case No.:  2:22-cv-00435-APG-BNW<br><br>**STIPULATION AND ORDER TO EXTEND THE DISCOVERY DEADLINES**<br><br>**(Third Request)** |

Pursuant to Fed. R. Civ. P. ("FRCP") 6(b)(1) and Local Rules IA 6-1, IA 6-2, and 26-3, Plaintiff STERLING HARDISTY TAYLOR ("Plaintiff" or "Mr. Taylor"), by and through his attorneys of the law firm of GALLIAN WELKER & ASSOCIATES, L.C., and Defendant UNITED STATES OF AMERICA ("Defendant" or "United States"), by and through its counsel, Virginia T. Tomova, Esq., Assistant United States Attorney for the District of Nevada, and Alan W. Westbrook of the law firm of PERRY & WESTBROOK, hereby submit this Stipulation and Order to Extend the Discovery Deadlines.

This is the third stipulation to extend the discovery deadline, and this stipulation is presented to the Court in advance of the currently calendared close of discovery on October 25, 2024.  For the foregoing reasons and as is more fully explicated below, the Parties stipulate to

and respectfully request that this Court extend the discovery and associated deadlines in this matter.

I.   PROCEDURAL HISTORY

1.   On March 9, 2022, Plaintiff initiated this action by filing his Complaint [ECF No. 1], as later amended on January 31, 2023 [ECF No. 33].

2.   On January 7, 2022, Defendant filed a Motion to Transfer Venue to District of Utah [ECF No. 9], to which Plaintiff duly responded on August 11, 2022 [ECF No. 10].

3.   On November 4, 2022, oral arguments were heard by the Court on the Motion to Transfer Venue, further to which supplemental briefing was ordered and scheduled.  *See* ECF Nos. 21 -23.

4.   On December 16, 2022, Plaintiff and Defendant submitted the ordered supplemental briefing [ECF Nos. 24 and 25], following which the Court denied the Motion to Transfer Venue on January 7, 2023 [ECF No. 30].

5.   On May 22, 2023, following various stipulations to extend the deadline for Defendant's responsive pleading [ECF Nos. 35, 37, 39, 41, and 43], on May 22, 2023, Defendant filed its Motion to Dismiss for Lack of Subject-Matter-Jurisdiction [ECF No. 45], to which Plaintiff duly responded on June 25, 2023 [ECF No. 46], with Defendant's Reply in Support of the Motion to Dismiss [ECF No. 52] filed on June 23, 2023.

6.   On June 26, 2023, counsel for the parties conducted the requisite FRCP 26 conference and filed their proposed Joint Discovery Plan and Scheduling Order on the same day.

7.   On June 28, 2023, the Court entered its Order confirming the Joint Discovery Plan and Scheduling Order [ECF No. 54].

8.   On December 19, 2023, the Court entered its Order denying Defendant's Motion to Dismiss for Lack of Subject-Matter-Jurisdiction [ECF No. 56].

9.   On December 27, 2023, the Court entered its Order extending Defendant's time to file their Answer [ECF No. 58].

10.  On January 2, 2024, Court entered its Order [ECF No. 60] establishing the present

discovery Deadlines.

11. On January 26, 2024, Defendant filed its Answer [ECF No. 61].

12. On August 9, 2024, the parties submitted related Stipulations for a settlement conference [ECF No. 63] and for a second extension of discovery deadlines [ECF No. 62].

13. On August 14, 2024, the Court entered its Orders [ECF Nos. 64, 65] granting both Stipulations, setting a settlement conference for 10:00 a.m. on September 26, 2024, with close of discovery about a month thereafter, on October 25, 2024.

14. On August 27, 2024, due to a conflict in the Court's calendar, the settlement conference was rescheduled for 10:00 a.m. on December 4, 2024.

## II.  LEGAL STANDARD

Fed. R. Civ. P. Rule 6(b)(1) governs extensions of time and allows, in relevant part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." If additional time for any purpose is needed, the proper procedure is to present a request for extension of time before the time fixed has expired. *Canup v. Mississippi Val. Barge Line Co.,* 31 F.R.D. 282 (W.D. Pa. 1962). An extension of time may always be sought and is usually granted on a showing of good cause if timely made under subdivision (b)(1) of [FRCP 6]. *Creedon v. Taubman*, 8 F.R.D. 268 (N.D. Ohio 1947). Also, a district court possesses the inherent power to control its own docket. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

LR IA 6-1 additionally requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension, and such a motion filed after the

expiration of the deadline will not be granted unless the movant demonstrates that the failure to act resulted from excusable neglect.

Finally, LR 26-3 lists four factors that are considered upon adjudication of a motion to extend a discovery deadline: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

### III. ARGUMENT

**A. The Four Factors Contained Within LR 26-3 Are Satisfied, and the Parties Show Good Cause for Modifying the Scheduling Order.**

**1. Discovery Completed to Date:**

1. On July 10, 2023, pursuant to FRCP 26(a)(1), Plaintiff and Defendant exchanged their respective initial disclosures of persons likely to have discoverable information; documents, electronically stored information, and tangible things; computation of damages, and applicable insurance coverage.  Plaintiff and Defendant have each supplemented their FRCP 26 disclosures as required over the course of the intervening months.

2. On September 14, 2023, Defendant propounded written discovery to which Plaintiff timely responded on October 14, 2023.

3. On, respectively, December 11 and 12, 2023, depositions of Mr. Taylor and witnesses Michal Taylor (Mr. Taylor's wife) and Mark Taylor (Mr. Taylor's son) were conducted.

4. On February 14, 2024, an FRCP 35 defense medical exam of Mr. Taylor was conducted, further to which exam Defendant issued an expert medical report by Steven M. Sanders, M.D. on March 15, 2024.

5. On May 3, 2024, the Parties conducted a site visit and inspection of the Shower (as defined in the Complaint).

6. On May 22, 2024, Plaintiff served his expert medical report from Dr. Roger A. Russell, DC, MS, DIANM, along with expert safety report of F. David Pierce, MSPH, CIH, CSP.

7. On June 21, 2024, Defendant served its expert safety report of Lane Swainston CBO, CVLT.

8. On July 13, 2024, Defendant served its rebuttal expert reports.

9. On July 24, 2024, Plaintiff propounded various written discovery, the responses to which are pending and will reasonably necessitate an extension of time to answer, beyond the present close of discovery.

10. On August 7, 2024, Defendant deposed Plaintiff's safety expert, F. David Pierce.

**2. Discovery Remaining:**

Defendant's written discovery responses are still pending, and a thirty-day extension therefor has been granted by Plaintiff's counsel. Depositions of remaining party experts, listed below, were vacated following the prior extension of discovery deadlines and, in the interest of conservation of time and money, will only be rescheduled, as needed, following the December 4, 2024, settlement conference.

- Steven M. Sanders, M.D.
- Dr. Roger A. Russell, DC, MS, DIANM
- Lane Swainston CBO, CVLT

**3. Reasons Why Deadline Will Not Be Satisfied or Remaining Discovery Cannot Be Completed Within Current Time Limits**

As noted above in the prior request for extension of discovery deadlines, the parties have agreed to defer depositions of the remaining experts in the interest of controlling undue expenses for both parties until after the settlement conference. As rescheduled, the settlement conference will now occur after discovery cutoff and the dispositive motion deadline. Accordingly, the parties seek an extension until after that date to accommodate the new schedule and the contemporaneous holidays.

/ / /

**4. Proposed Schedule for Completing Remaining Discovery:**

| Event | Current Deadlines | Proposed New Deadlines |
|---|---|---|
| Discovery Cutoff | October 25, 2024 | **January 17, 2025** |
| Deadline to Disclose Experts | June 21, 2024 | **No change** |
| Deadline for Rebuttal Experts | July 22, 2024 | **No change** |
| Dispositive Motion Deadline | November 25, 2024 | **February 17, 2025** |
| Joint Pretrial Order Deadline | December 26, 2024 | **March 19, 2025 *** |

\* In the event a dispositive motion is under submission by February 17, 2025, the Joint Pre-Trial Order shall be due no later than 30 days after entry of the Court's order ruling on same.

All other discovery dates not referenced herein remain unchanged.

**IT IS SO STIPULATED.**

DATED this 29th day of August 2024.

**GALLIAN WELKER & ASSOCIATES, L.C.**

_/s/ Michael I. Welker_
Michael I. Welker, NBN 7950
Travis N. Barrick, NBN 9257
Nathan E. Lawrence, NBN 15060
730 Las Vegas Blvd. S., Ste. 104
Las Vegas, Nevada 89101
Telephone: 702-892-3500
Facsimile: 702-386-1946
nlawrence@vegascase.com
*Attorneys for Plaintiff*

DATED this 29th day of August 2024.

**United States Attorney District of Nevada**

_/s/ Alan W. Westbrook_
PERRY & WESTBROOK
Alan W. Westbrook, NBN 6167
11500 S. Eastern Ave., Suite 140
Henderson, Nevada 89052
Telephone: 702-870-2400
Facsimile: 702-870-8220
awestbrook@perrywestbrook.com

JASON M. FRIERSON, NBN 7709
Virginia T. Tomova, NBN 12504
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Virginia.Tomova@usdoj.gov
*Attorneys for Defendant*

# ORDER

IT IS HEREBY ORDERED that the Stipulation of the parties is GRANTED, and the discovery deadlines shall be amended as follows:

| Event | Current Deadlines |
|---|---|
| Discovery Cutoff | **January 17, 2025** |
| Deadline to Disclose Experts | **No change** |
| Deadline for Rebuttal Experts | **No change** |
| Dispositive Motion Deadline | **February 17, 2025** |
| Joint Pretrial Order Deadline | **March 19, 2025** |

**IT IS SO ORDERED.**

DATED:  8/30/2024

_____
UNITED STATES MAGISTRATE JUDGE